United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jerome E. Bivens, Petitioner | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-60351-Scola |
| | ) |
| Sec'y, Fla. Dep't of Corr., Respondent. | ) |

**Order**

Before the Court is Petitioner Jerome Biven's petition under 28 U.S.C. § 2254 (ECF No. 1). For the reasons explained below, the petition is dismissed as untimely.

**1. Background**

On November 20, 2015, Bivens was convicted by a jury in Case No. 13-010590CF10A, Seventeenth Judicial Circuit of Florida, in and for Broward County, for sexual battery. (*See* ECF No. 8-1 at 12).[1] The trial court sentenced him to fifteen years in prison as a habitual felony offender. (*See id.* at 20). On appeal, the Fourth District Court of Appeals affirmed without a written opinion on June 21, 2018. *See Bivens v. State*, 250 So. 3d 680 (Fla. 4th DCA 2018). On July 5, 2018, Bivens filed a motion for rehearing. (*See* ECF No. 8-1 at 105).[2] The Fourth District denied the motion on August 15, 2018. (*See id.* at 113). Mandate issued on August 31, 2018. (*See id.* at 115).

Back at the circuit court, Bivens filed a motion for postconviction relief on October 23, 2018. (*See id.* at 117). The trial court denied the motion on April 26, 2019. (*See id.* at 145). Bivens filed a reply on April 24, 2019. (*See id.* at 148). The trial court treated the reply as a motion for rehearing and denied it

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] Dates given for *pro se* filings in this Order are those on the stamp indicating when prison authorities received the document or, if there is no such indication, the date given in the certificate of service. *See Adams v. United States*, 173 F. 3d 1339 (11th Cir. 1999) (prisoner's pro se pleading is deemed filed when executed and delivered to prison authorities for mailing).

on April 29, 2019. (*See id.* at 157). On May 3, 2019, Bivens filed a second motion for rehearing. (*See id.* at 160). The motion was dismissed by the trial court on August 2, 2019 (*See id.* at 166) and Bivens filed a notice of appeal. (*See id.* at 169). On October 24, 2019, the Fourth District affirmed the denial. *See Bivens v. State*, 286 So. 3d 264 (Fla. 4th DCA 2019). On November 5, 2019, Bivens filed a motion for rehearing. (*See* ECF No. 8-2 at 7). The Fourth District denied the motion (*see id.* at 18) and mandate issued on January 10, 2020. (*See id.* at 20).

On January 3, 2020, Bivens filed a petition for writ of habeas corpus in the Fourth District. (*See id.* at 25). The Fourth District denied the petition on June 25, 2020. (*See id.* at 91). In the order, it also denied Biven's request to amend the petition. *See id.* Bivens nevertheless filed an amended petition for writ of habeas corpus on January 24, 2020 (*see id.* at 93) and the Fourth District denied the petition and amended petition on July 8, 2020. (*See id.* at 102). On July 7, 2020, Bivens filed a motion for rehearing. (*See id.* at 104). The Fourth District denied the motion on August 20, 2020. (*See id.* at 110).

On July 17, 2020, Bivens filed a letter to the circuit court judge. (*See id.* at 112). The trial court treated the letter as a post-conviction motion and, on October 8, 2020, denied it as successive in raising the same or similar argument previously raised and considered by the courts. (*See id.* at 120). On October 28, 2020, Bivens filed a motion to disqualify the trial judge. (*See id.* at 123). The trial court denied the motion on November 10, 2020. (*See id.* at 128).

On October 27, 2020, Bivens filed a motion for rehearing on the denial of the post-conviction motion. (*See id.* at 130). The circuit court denied the motion on November 10, 2020 (*see id.* at 135) and Bivens filed a notice of appeal. (*See id.* at 137). The Fourth District affirmed the denial of post-conviction relief. *See Bivens v. State*, 323 So. 2d 175 (Fla. 4th DCA 2021). Mandate issued on September 3, 2021. (*See* ECF No. 8-2 at 144).

On December 21, 2020, while the appeal from the second 3.850 motion was pending, Petitioner filed a petition for writ of prohibition from the denial of

the motion to disqualify the trial judge. (*See id.* at 149). The Fourth District denied the petition on March 17, 2021. (*See id.* at 157).

Petitioner proceeded to the Florida Supreme Court on May 12, 2021, where he filed a notice to invoke the discretionary jurisdiction of the court over the denial of the prohibition petition. (*See id.* at 161). The Florida Supreme Court dismissed the notice for lack of jurisdiction on May 2, 2021. (*See id.* at 164).

On February 20, 2022, Bivens initiated the present case with the filing of his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (hereinafter "Petition", ECF No. 1). In accordance with the Court's limited order to show cause, the State filed a response arguing the Petition was untimely (hereinafter "Response", ECF No. 7) and Bivens filed a reply (hereinafter "Reply", ECF No. 11).

## 2. Discussion

### A. The Petition Is Untimely

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a § 2254 petition must be filed within one year of certain trigger dates. *See* 28 U.S.C. § 2244(d)(1). Here, the applicable trigger date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at (d)(1)(A). However, the limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *Id.* at (d)(2).

"A state prisoner's conviction becomes final when the U.S. Supreme Court denies certiorari, issues a decision on the merits, or when the 90-day period to file a petition for certiorari expires." *Lowe v. Fla. Dep't of Corr.*, 679 F. App'x 756, 757 (11th Cir. 2017). In this case, Bivens' conviction became final 90 days after August 15, 2018, the date the Fourth District Court of Appeal denied Biven's motion for rehearing. *See United States v. Healy*, 376 U.S. 75, 80 (1964) (the time for seeking certiorari review begins on disposition of a

timely filed motion for rehearing). Accordingly, Biven's one-year AEDPA limitations period began on **November 13, 2018**.

After that, the limitations period was tolled until **August 20, 2020**, when the Fourth District denied the motion for rehearing from its order denying the petition for writ of habeas corpus. Based on the following, no time was tolled after August 20, 2020, making the Petition untimely.

### B. The July 17, 2020 Letter

Bivens argues that the letter tolled the limitations period. (*See generally* Reply). The Court disagrees.

To qualify for tolling under § 2244(d)(2), a motion must be two things: *first*, it must be "properly filed"; *second*, it must "attack collaterally the relevant conviction or sentence." *Cantu v. Sec'y, Fla. Dep't of Corr.*, 778 F. App'x 760, 762 (11th Cir. 2019); *see also* 28 U.S.C. § 2244(d)(2) (only "properly filed application[s] for State post-conviction or other collateral review with respect to the pertinent judgment or claim" have any tolling effect).

Here, even where a state court accepts a motion and decides the merits or dismisses it without prejudice, if a post-conviction motion is not "properly filed" under state law, then it does not toll the federal AEDPA limitations period. *See Jones v. Sec'y, Fla. Dep't of Corr.*, 499 Fed. Appx. 945, 950-51 (11th Cir. 2012); *Gorby v. McNeil*, 530 F. 3d 1363, 1367 (11th Cir. 2008).

The circuit court chose to focus on the content of the letter and dismiss the matter with prejudice. (*See* ECF No. 8-2 at 120). However, it could have dismissed the motion based on other grounds that rendered the letter an improperly filed document. A second or successive motion must be titled "Second or Successive Motion for Postconviction Relief." *See* Rule 3.850(h)(1), Florida Rules of Criminal Procedure. Bivens failed to title the letter as required. (*See* ECF No. 8-2 at 112).

Moreover, Rule 3.850(n) of the Florida Rules of Criminal Procedure states that:

> (n) Certification of Defendant; Sanctions. No motion may be filed pursuant to this rule unless it is filed in good faith and with a reasonable

> belief that it is timely, has potential merit, and does not duplicate previous motions that have been disposed of by the court.
>
> (1) By signing a motion pursuant to this rule, the defendant certifies that: the defendant has read the motion or that it has been read to the defendant and that the defendant understands its content; the motion is filed in good faith and with a reasonable belief that it is timely filed, has potential merit, and does not duplicate previous motions that have been disposed of by the court; and, the facts contained in the motion are true and correct.

*Id*; *See also* Rule 3.987(7) and (8), Florida Rules of Criminal Procedure; *Dumel v. State*, 183 So. 3d 476, 477 (Fla. 3d DCA 2016); *Nwajei v. State*, 964 So. 2d 887 (Fla. 2d DCA 2007). Aside from certifying "that the contents, and facts along with the exhibits are true and correct under penalties of perjury," Bivens failed to comply with the rule above. (*See* ECF No. 8-2 at 118); *see also Green v. Secretary, Department of Corrections*, 877 F. 3d 1244, 1248 (11th Cir. 2017), citing *Hurley v. Moore*, 233 F. 3d 1295, 1298 (11th Cir. 2000) (a 3.850 motion is not properly filed if it does not contain a written oath required by Florida law).

Finally, Rule 3.850(n)(2) of the Florida Rules of Criminal Procedure requires that:

> (2) The defendant shall either certify that the defendant can understand English or, if the defendant cannot understand English, that the defendant has had the motion translated completely into a language that the defendant understands. The motion shall contain the name and address of the person who translated the motion and that person shall certify that he or she provided an accurate and complete translation to the defendant. Failure to include this information and certification in a motion shall be grounds for the entry of an order dismissing the motion pursuant to subdivision (f)(1), (f)(2), or (f)(3).

*Id*; *See also* Rule 3.987(8), Florida Rules of Criminal Procedure. Petitioner did not certify this information in his letter. *See Hall v. Secretary, Department of Corrections*, 921 F. 3d 983, 987 (11th Cir. 2019) (if one fails to comply with the requirement under rule 3.850(n)(2), then the motion is not "properly filed" under §2244(d)(2)).

Because the July 17, 2020 letter was not a "properly filed" post-conviction motion under 28 U.S.C. § 2244(d)(2), it did not toll the federal statute of limitations time.

### C. The October 28, 2020 Motion to Disqualify

Bivens likewise argues that his motion to disqualify the trial judge tolled the limitations period. (*See generally* Reply). The Court again disagrees.

The motion to disqualify did not independently toll the time because it was not a state post-conviction or other collateral review with respect to the pertinent judgment. *See* 28 U.S.C. § 2244(d)(2). Bivens cites Rule 2.330, Florida Rules of Judicial Administration in his motion to disqualify. (*See* ECF No. 8-2 at 123). That rule states that a party must show that the party fears that the party "will not receive" a fair trial or hearing because of prejudice or bias of a judge. *See also* Section 38.10, Florida Statutes. Bivens states multiple times in his motion that he "fears he cannot receive a fair and impartial hearing." (ECF No. 8-2 at 124–25). The motion to disqualify further requested, "an Order of Disqualification, recusal of [the trial judge] from the above styled case number and for the assignment of an impartial judge." (ECF No. 8-2 at 125). Thus, the motion spoke to future action and not the past conviction. *See Cantu*, 778 F. App'x at 762 ("[A] tolling motion must attack collaterally the relevant conviction or sentence").

Because the focus of the motion was recusal of the trial judge from future hearings, it did not "attack collaterally the relevant conviction or sentence." *Id.* Thus, neither the October 28, 2020 Motion to Disqualify nor July 17, 2020 Letter tolled the federal statute of limitations under 28 U.S.C. § 2244(d)(2). Accordingly, 549 days ran untolled between August 20, 2020—when the Fourth District denied the motion for rehearing—and the filing of the present petition on February 20, 2022.

### D. Equitable Tolling

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent

an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). The U.S. Supreme Court set forth a two-prong test for equitable tolling, stating that a petitioner must demonstrate "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v Florida*, 560 U. S. 631, 649 (2010).

Bivens references his "continued filings" and asserts that "[i]t is apparent from the face of the record that this petitioner has been vigorously applying an unrelenting attack on the many errors of this case." (Reply at 5, 7). Respondent counters that "[Bivens] has offered no explanation as to why he wrote a letter instead of a properly filed post-conviction motion." (Response at 11). The Court notes that Bivens may have filed the letter to circumvent the Florida Rules of Criminal Procedure. *See* Fla. R. Crim. P. 3.850(n) (requiring that a Second or Successive Motion for Postconviction Relief contain a certification that the motion is filed in "good faith" and "does not duplicate previous motions that have been disposed of by the court"). As the trial court explained:

> The Defendant has previously filed motions for post-conviction relief and motions for rehearing, alleging the same or similar arguments contained in the instant motion, which were denied. The Defendant has also appealed these rulings to the Fourth District Court of Appeal, and this Court was affirmed.
>
> Any person, including a person attacking his conviction, abuses the right to *pro* se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims. *See State v.Spencer,* 751 So. 2d 47 (Fla. 1999); *Rivera v. State,* 728 So. 2d 1165 (Fla. 1998). As noted above, the instant motion alleges the same or similar claims of previous pleadings, all of which have been denied, and when appealed, have been affirmed.

(ECF No. 8-2 at 120–21). The record indicates that Bivens has been diligent in flooding the dockets of the various courts with his "continued filings." (Reply at 7). However, his meritless pleadings and abuse of the judicial process do not establish a diligent pursuit of his rights. *See Holland*, 560 U. S. at 649. Bivens

fails on the first prong of the *Holland* test and so equitable tolling is not warranted. Accordingly, Biven's petition is barred by the statute of limitations and must be dismissed. 28 U.S.C. § 2244(d)(1).

### E. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability shall issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." *Id.* at (c)(2). Where a district court rejects a petitioner's constitutional claims on procedural grounds—as here—the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Court finds that jurists of reason would not find it debatable that Biven's petition is barred by the statute of limitations. Thus, a certificate of appealability is denied.

### 3. Conclusion

For the foregoing reasons, Biven's petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) is **dismissed** as time-barred. A certificate of appealability is **denied**. This Order constitutes a **final judgment** resolving this case. The Clerk of Court is **directed** to close this case and deny all pending motions as moot.

**Done and ordered**, in chambers, in Miami, Florida, on November 3, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Jerome Eric Bivens
054717
South Florida Reception Center-South Unit
Inmate Mail/Parcels
13910 NW 41st Street
Doral, FL 33178
PRO SE